UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-0451-KJM-6 |
| Plaintiff, | |
| v. | ORDER |
| LISA MICHELLE ELLIOTT, | |
| Defendant. | |

Defendant Lisa Michelle Elliott, proceeding pro se,[1] has filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 112.  Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses.  The Amendment applies retroactively to defendants sentenced prior to its effective date.  *See Serrano v. U.S.*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.  Although directed to do so, *see* ECF No. 115, the government has not filed a response to defendant's motion.  After consideration of the moving papers, relevant parts of the record, and the applicable law, the court hereby denies defendant's motion.

On February 19, 2014, defendant pleaded guilty to use of a telephone to facilitate the offense of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 843

---

[1] On June 8, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent defendant on the instant motion.  *See* ECF No. 68.

1

(b).  *See* ECF No. 6, 94.  On April 9, 2014, defendant was sentenced to 36 months in prison.  ECF No. 101.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582, which provides in relevant part:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by "'determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S.Ct. at 2691 (quoting §1B1.10(b)(1))."  *Dunn*, 1155 n.3.  Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range.  *Id.*  However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

---

[2] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

Here, defendant's commitment offense involved 65 grams of methamphetamine (actual). ECF No. 100, Presentence Investigation Report (PSR) ¶ 14 (sealed). At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 32 for that amount of methamphetamine. PSR ¶ 15; U.S.S.G. §2D1.1(c)(4)(2013).[3] Defendant received a two-level decrease for acceptance of responsibility and a one level decrease for "notifying authorities of the intention to enter a guilty plea." PSR ¶¶ 20-21. Her total offense level was therefore 29. PSR ¶ 22. Her criminal history category was II, PSR ¶ 31, making her sentencing guideline range 97 to 121 months in prison. PSR ¶ 48. However, the guideline term for her offense was 48 months because the statutory maximum sentence is 4 years. PSR ¶¶ 47-48. In accordance with the plea agreement in this case, the court sentenced defendant to 36 months in prison. ECF No. 101, PSR ¶ 59.

Amendment 782 lowered to 30 the base offense level for 65 grams of actual methamphetamine. U.S.S.G. §2D1.1(c)(4)(2014). This has the effect of reducing defendant's base offense level to 27. With a criminal history category of II, the amended sentencing guideline range is 78 to 97 months in prison. U.S.S.G. Sentencing Table (2014). As discussed in this order, the guideline term for defendant's offense was below that range, and defendant was sentenced below the guideline term of 48 months based on the plea agreement in this case. Although Amendment 782 lowered the base offense level for defendant's commitment offense, her sentence was well below the guideline range calculated with reference to that base offense level. No reduction in her sentence is authorized.

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant Lisa Michelle Elliott's motion to reduce sentence, ECF No. 112, is denied.

DATED: November 12, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The 2013 Guidelines Manual was used in the preparation of defendant's PSR. PSR ¶ 13.